IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHIRE ORPHAN THERAPIES LLC and <br> SANOFI-AVENTIS DEUTSCHLAND, GMBH, <br><br> Plaintiffs, <br><br> v. <br><br> FRESENIUS KABI USA, LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 15-1102-RGA <br> ) <br> ) <br> ) <br> ) <br> ) |

**CLERK'S TAXATION OF COSTS**

Pursuant to the Amended Final Judgment (D.I. 120), approved by the Honorable Gregory M. Sleet on June 25, 2018, judgment was entered in favor of plaintiffs, Shire Orphan Therapies, LLC, and Sanofi-Aventis Deutschland GMBH, ("plaintiffs") and against defendant, Fresenius Kabi USA, LLC, ("defendant"). Defendant appealed (D.I. 121) the final judgment on June 26, 2018. On November 16, 2018, the United States Court of Appeals for the Federal Circuit issued an Order (D.I. 124) granting the joint motion of the parties to dismiss the appeal. Because the appeal was dismissed, the Final Amended Judgment in favor of plaintiffs is final. There is no dispute that plaintiffs are the prevailing party.

District of Delaware Local Rule (LR) 54.1 (as amended effective August 1, 2016) provides that the Clerk may tax costs in favor of the prevailing party. Plaintiffs' bill of costs, memorandum in support and declaration of Laura A. Chubb, Esq., (D.I. 125 - 127, respectively) were filed on November 30, 2018. Plaintiffs request the Clerk tax costs against defendant in the amount of $95,355.94. On December 14, 2018, defendant filed its objections to the bill of costs (D.I. 128).

The Clerk finds the bill of costs and objections to be timely.

Therefore,

**IT IS ORDERED, that**

**I.** The entire bill of costs is **GRANTED IN PART AND DENIED IN PART.**

**II.** As to **every request** the Clerk makes the following findings:

    1) As to each request plaintiffs must show compliance with Local Rule 54.1(a)(2), which states: "The bill of costs ***shall clearly describe each item of cost*** and comply with the provisions of 28 U.S.C. § 1924." (emphasis added). Plaintiffs must "clearly describe" each item in a manner that permits the Clerk, and defendant, to determine the reasonableness and necessity of each request.

**III.**    The Clerk makes **additional findings,** regarding specific items, as follows:

**A) Fees of the Clerk**

1) Title 28 U.S.C. § 1920 states in pertinent part, "A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal".

2) Plaintiffs request reimbursement of $475.00 in costs ($400.00 filing fee for the complaint and three, $25.00 Pro Hac Vice admission fees).

3) Defendant objects to the three Pro Hac Vice admission fees totaling $75.00 stating that such fees are "... not recoverable." Defendant cites *Honeywell*, 2014 WL 2568041, at *6n.10 "(recognizing that '*pro hac vice* fees are [an] 'expense of counsel for the privilege of practicing law...and, as such, are not normally charged to a fee-paying client...and are not recoverable under § 1920...". All decisions regarding the applicability of case law are legal matters for judicial determination.

4) The request for fees of the Clerk are **GRANTED** in the amount of $400.00 and **DENIED** in the amount of $75.00.

**B) Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case**

1) LR 54.1(b)(2) provides: "The costs of the originals of a trial transcript, a daily transcript and of a transcript of matters prior or subsequent to trial, furnished to the Court, **are taxable when requested by the Court or prepared pursuant to stipulation** (emphasis added). Mere acceptance by the Court does not constitute a request. Copies of transcripts for counsel's own use are not taxable."

2) Plaintiffs seek reimbursement of $4,300.01 in "...costs for the transcripts of conferences with the Court and the trial, which were necessarily obtained for use in the case." Plaintiffs provide a table outlining the costs and offer the Chubb Declaration, Exhibits 2-A through 2-C, in support of the request for transcript costs.

3) Defendant objects to transcript fees, stating that "...Plaintiffs have not justified that the transcripts were 'requested by the Court or prepared pursuant to stipulation' as required by L.R. 54.1(b)(2)."  The Clerk agrees.

4) The Clerk finds that plaintiffs fail to meet the requirements of LR 54.1(b)(2).  The request for transcript costs in the amount $4,300.01 is **DENIED.**

**C ) Fees for Deposition Costs**

1) LR 54.1(b)(3) provides: "The reporter's reasonable charge for the original and one copy of a deposition and the reasonable cost of taking a deposition electronically or magnetically recorded *are taxable only when a substantial portion of the deposition is used in the resolution of a material issue in the case.*  Charges for counsel's copies and the expenses of counsel in attending depositions are not taxable, regardless of which party took the deposition.  Notary fees incurred in connection with taking depositions are taxable." (emphasis added).

2) Plaintiffs are seeking reimbursement of $44,096.41 in costs for "... the original and once copy of the transcripts and videos of depositions that were necessarily obtained for use in this case..."  Plaintiffs state that the transcripts "...were cited in connection with discovery disputes and the parties' claim construction dispute, were discussed in connection with the pre-trial conference, were included in the parties' pre-trial deposition designations, concerned a witness who was called live or by designation at trial, were cited in the parties' post-trial briefing, and/or were cited in the court's decision."  Plaintiffs provide a table outlining the deposition costs and offer the Chubb Declaration, Exhibits 3-A through 3-S in support of their request.

3) Defendant offers two objections to the deposition costs stating: 1) "Plaintiffs have not justified that a 'substantial portion' of any of these depositions were 'used in the resolution of a material issue in the case' as required by L.R. 54.1(b)(3)."; and, 2) that "...Plaintiffs seek costs far beyond the 'reporter's reasonable charge for the original and one copy of a deposition and the reasonable cost of taking a deposition electronically or magnetically recorded."

4) The Clerk finds that plaintiffs fail to satisfy the requirements of LR 54.1(b)(3).  Accordingly, plaintiffs' request for deposition costs in the amount of $44,096.41 is **DENIED.**

**D) Fees for Witnesses**

1) LR 54.1(b)(4) provides, in part, "The rates for witness fees, mileage and subsistence are fixed by 28 U.S.C. § 1821. Such fees are taxable even though the witness does not take the stand, provided the witness attends Court. Witness fees and subsistence are taxable only for the reasonable period during which the witness is within the district. Subsistence to the witness under 28 U.S.C. § 1821 is allowable if the distance from the Court to the residence of the witness is such that mileage fees would be greater than subsistence fees, if the witness were to return to his/her residence from day to day. No party shall receive witness fees for testifying in its own behalf, but this shall not apply where a party is subpoenaed to attend Court by the opposing party. Witness fees for officers of a corporation are taxable if the officers are not defendants and recovery is not sought against the officers individually."

2) 28 U.S.C. § 1821(a)(1) provides "Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section."

3) Plaintiffs are seeking $17,383.96 in costs for witness attendance fees and travel cost and provide a table outlining the individual witness costs and offer the Chubb Declaration, Exhibits 4-A through 4-E in support.

4) Defendant objects to plaintiffs' request for witness fees stating "Plaintiffs have failed to show that the period during which the listed witnesses were within the district was 'reasonable' as required by L.R. 54.1(b)(4). Further, Plaintiffs have incorrectly requested witnesses fees for two party witnesses. Such a request is not allowed under L.R. 54.1(b)(4): 'No party shall receive witnesses fees for testifying in its own behalf[.]'" Defendant is referring to witnesses Klaus Wirth and Renate Wingefeld. Wirth is described in plaintiff's memorandum as "...an employee of Plaintiff, Sanofi, is a co-inventor on the obviousness-type double patenting reference (the '7,803 patent)." Renate Wingefeld is described in plaintiff's memorandum as "...an employee of Plaintiff Sanofi-Aventis Deutchland GmbH (Sanofi), oversaw the patent prosecution for both the patent-in-suit (the '333 patent) and the obviousness-type double patenting reference (the '7,803 patent), while she was employed by Hoechst, a predecessor company of Sanofi.".

5) The Clerk **GRANTS** plaintiffs' request for witness fees excepting fees for the two party witnesses, Klaus Wirth and Renate Wingefeld, which total $14,026.02. Witness fees are **GRANTED** in the amount of $3,357.95

**E) Exemplification and Copies of Papers**

1) Title 28 U.S.C. § 1920 states in pertinent part, that a judge or clerk of any court of the United States may tax as costs "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."

2) LR 54.1(b)(5) states "The cost of copies of an exhibit necessarily attached to a document required to be filed and served is taxable.  The cost of one copy of a document is taxable when admitted into evidence.  The cost of copies obtained for counsel's own use is not taxable.  The fee of an official for certification or proof concerning the nonexistence of a document is taxable. The reasonable fee of a translator is taxable if the document translated is taxable.  Notary fees are taxable if actually incurred, but only for documents which are required to be notarized and filed.  The cost of patent wrappers and prior art patents are taxable at the rate charged by the Patent Office.  Expenses for services of persons checking Patent Office records to determine what should be ordered are not taxable."

3) Plaintiffs are seeking $29,100.56 in costs for "one set of Plaintiffs' trial exhibits including translation and certified patent filed wrapper and assignment costs, demonstratives, courtroom equipment, and hyperlinking Plaintiffs' post-trial briefing..."  Plaintiffs provide a table outlining said costs and Exhibits 5-A through 5-L in support.

4) Defendant objects to most of plaintiffs' request for exemplification costs.  Specifically defendant objects to $2,997.10 in costs for printing and copying stating that "Plaintiffs' request contains more than what is recoverable under L.R. 54.1(b)(5): [t]he cost of copies of an exhibit necessarily attached to a document required to be filed and served" or "one copy of a document...when admitted into evidence."  Defendant states that "Plaintiffs' request should be limited only to those documents that were admitted into evidence as required by L.R. 54.1(b)(5).  The Clerk agrees and, based on plaintiffs' submissions, cannot discern which documents were admitted into evidence.  Therefore plaintiffs' request for costs in the amount of $2,997.10 is **DENIED.**

5) Plaintiffs request $10,032.26 in translation costs.  Defendant objects stating "These translation costs are not recoverable as a matter of law. *See Honeywell,* 2014 WL 2568041, at *11 (noting that the Supreme Court has interpreted 28 U.S.C. § 1920 to preclude recovery for translation of documents and "[t]he Court, by its Local Rules or otherwise, therefore lacks the authority to tax costs for translation of documents." (Citing *Taniguchi v. Kan Pac. Saipan, Ltd.,* 132 S. St. 1997, (2012))."   All decisions regarding the applicability of case law are legal matters for judicial determination.  Accordingly, the Clerk **DENIES** the request

for translation costs of $10,032.26.

6) Defendants also object to plaintiffs' request for $288.50 for creation of an oversized demonstrative, $10,507.25 for creation of "graphic" demonstratives, $475.95 for plaintiffs' share of courtroom equipment for trial, and $3,989.50 for hyperlinking plaintiffs' post-trial brief.  Defendant states that "None of these requests are allowable by 28 U.S.C. § 1920 or L.R. 54.1(b)(5)."  The Clerk agrees and **DENIES** these requests.

7) Plaintiffs request a total of $530.00 for costs of certified file histories.  The Clerk **GRANTS** this request pursuant to LR 54.1(b)(5).

8) Plaintiffs request $280.00 for patent assignment documents.  Defendant objects stating "Such costs should be denied because Plaintiffs have failed to provide a reason that such documents are taxable."  The Clerk finds that plaintiffs request for costs related to patent reassignment documents are acceptable pursuant to LR 54.1(b)(5).  The Clerk **GRANTS** plaintiffs' request for $280.00 for patent assignment documents.

## IV.    CONCLUSION

The Clerk finds, for all the reasons stated herein, that plaintiffs requests for costs in the total amount of $95,355.94, is **GRANTED IN PART AND DENIED IN PART.**

The total costs hereby taxed in favor of plaintiffs, Shire Orphan Therapies, LLC, and Sanofi-Aventis Deutschland GMBH, and against defendant, Fresenius Kabi USA, LLC,  together with interest and the applicable post-judgment rate specified in 28 U.S.C. § 1961,  are as follows:

1. Fees of the  Clerk....................................................................$   400.00

2. Transcripts Fees.....................................................................**DENIED**

3. Witnesses Fees...................................................................... $ 3,357.95

4.  Exemplification, Printing and Copying Costs..........................$   810.00

**TOTAL**..................................................................................**$ 4,567.95**

Dated: April 25, 2019

                                      John A. Cerino, Clerk
                                      U.S. District Court for the
                                      District of Delaware

                                      By /s/ George Wylesol
                                            George Wylesol,
                                            Chief Deputy Clerk

cc:     Honorable Richard G. Andrews     Daryl L. Wiesen, Esq.
        Jack B. Blumenfeld, Esq.             Jeffrey Thomas Castellano, Esq.,
        Daniel G. Worley, Jr., Esq.,           John Coy Strull, Esq.
        Derek James Fahnestock, Esq.       Karen Elizabeth Keller, Esq.
        Edgar H. Haug, Esq.                  Kathleen A. McGuinness, Esq.
        Elizabeth J. Murphy, Esq.             Samuel Sherry, Esq.,
        William G. James, Esq.,              David M. Fry, Esq.,
        John A. Cerino, Clerk